78,041-04

Inmate:
Carlos Ulloa
1423114

MOTION DENIED
DATE: 4-20-15
BY: PC

In Court of Criminal
Appeals of Texas.
Austin, Texas 78711

"Important inform
And legal matter"

April 6, 2015.

"Management to honorable court."

You are hereby notified that sometime additional time is necessary to complete some legal paper work for the following reasons:

This unit law library have their own indigent's supplies Rules, and denial to applicant's sufficient or extra material supplies for may complete applicant his writ of law, because additional supplies is as well due as that, but here the same personal supplies is also used to legal paper work.

On this unit law library their indigent's supplies Rule is of one day per month, and only "one pen, five envelopes, 25 paper sheets per month," is where there the inadequate material supplies and negligence of this unit law library, because these supplies is utilized by both to personal and legal paper work.

Finally, also are hereby notified that applicant address is not changes, except only when he to take medical chain pass transfer by Estelle unit but is come be back to same address below listed.

Sincerely,

RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 13 2015
Abel Acosta, Clerk

x [signature]
Carlos U. Gomez pro se,
Michael Unit (MI 036)
2664 FM 2054
Tenn Colony, TX 75886-

Ex Parte
Carlos J. Gomez
TDCJ No. 1423114

CCA No. WR-78,041-04.

Trial Court Case No. D-1-DC-08-301119-C

Applicant's motion for speedy revocation to denial applicant motion to suppress, and to Revoke the status dismissed and respectfully, please enter into this district court to a ruling concerning the above styled and numbered cause, as well is due required.

To the Judge of said Court.

Comes now Carlos J. Gomez Applicant in the above styled and numbered cause, and respectfully moves this Court to grant a speedy revocation district court denial to applicant motion to suppress district court recommends to dismiss to applicant a writ application and to revoke the status dismissed as well is due under the sixth Amendment and Fed. Rules Cr. Proc. Rules 11, 18 U.S.C.A., and also Articles 26.13(b), V.A.C.C.P., 26.05(b)(c), 42.12, § 8(a), Tex. Code Crim. Proc. Ann., and enter to a speedy revocation and to revoke status dismissed in the above styled and numbered cause, and in support of this motion Applicant shows:

## I

A collateral relief is available for violations of Fed. Rules Cr. Proc. Rules 11, 18 U.S.C.A., which requires trial courts to personally inform defendant's of certain specified rights and possible consequences before accepting guilty plea, only when infraction is fundamental defect which inherently results is complete miscarriage of justice or omission inconsistent with rudimentary demands or fair procedures. see also U.S.C.A. Const. Amend. 6, 28 U.S.C.A. § 2295.

-1-

## II

Federal Rules of Criminal Procedure which requires court to divulge mandatory minimum penalty and maximum possible penalty to defendant's before accepting plea does not encompass consequences of possible deportation or exclusion. Fed. Rules Cr. Proc. Rules 11, 18 (C)(D), U.S.C.A., dismissal of petition to vacate sentence, in which defendant contended that he was denied effective assistance of counsel in deciding to plead guilty, was not required despite failure from his attorney compliance with Fed. Rules Cr. Proc. Rules 11, 18 U.S.C.A.

## III

State court's pronouncements on waiver of constitutional federal rights, because each case requires consideration of the following factors although they are not exclusive; (1) the length of the delay; (2) the reasons for the delay; (3) the applicant's assertion of the rights; (4) of the district court's recommends to dismiss do not result to a violation; (5) the minimization of anxiety and concern of the accused; and (6) the results of a guilty plea should no be come from both trial court neither negligence of counsel.

## IV

(Constitutional law), a due process claim of failure to disclose exculpatory evidence, because district court also failed to disclose evidence, regardless of the prosecutions good or bad faith, the withheld evidences favorable to applicant's and trial court erred by accepting applicant's plea of guilty without fully inquiring into whether applicant received effective assistance of counsel, is being impugned, the prohibition in Art. 26.13(6), V.A.C.C.P., that a plea of guilty not be accepted unless it is "free and voluntary" we now examine that was made to appear to the judge of the court, because this factor is one more know in variation of such cases of discrimination only for to be indigent and have not money to cover up a

-2-

extortion of Counsel, we believe that our focus, as well as that of the trial Counsel, should be on whether purposeful discrimination was established when Counsel-lawyer was advised that applicant we, should not have money to cover up the exactingness of Counsel.

## V

The sixhth Amendment guaranty to an accused of the right to a speedy revocation is "fundamental" and is imposed by the due process clause of the fourteenth Amendment on the states, waiver of a fundamental right from inaction, is inconsistent with the United States supreme Court's pronouncements on waiver of constitutional rights, U.S. Const. Amends. VI, XIV. Tex. Const. Arts. 1 § 10, 1.05, Tex. Code Crim. Proc. Ann. However, there is a reasonable probability that, but for Counsel unprofessional errors, the results of the proceeding would have been different, and sufficient support for a finding of guilty is provided by "some facts" or any evidence at all to dismissal or denied applicant's motions to suppress and to a speedy revocation.

## VI

Finally, where there is that applicant's feel the discrimination and were violates the sixhth Amendment, fourteenth Amendment standards, amended." U.S.C.A. §§, Rules of federal and state laws above mentioned, because trial Counsel-attorney failed to refusal to submit motion to suppress and given to applicant reasonable effective assistance only because applicant's was indigent, and Counsel-attorney said to applicant: "I don't like work with indigent's people's because is only to lose my time, when I have others Clients to who's I should be to listen because they 'yeah' paid for my service."

-3-

(Conclusion)

It is for these reasons that this honorable Court should enter into a ruling on the above styled, and numbered cause and to a speedy revocation to denial applicant motion to suppress, and also to revoke status dismissed for these violations above mentioned with the action due and required and provided by all these above listed, without further delay.

Respectfully submitted,

x _(signature)_

Carlos J. Gomez Pro se,
Michael Unit (MI 036)
2664 FM 2054
Tenn Colony, TX 75886.

- 4 -